# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | |
|---|---|
| **GALEN SUPPES**      ) <br>        **Plaintiff,**    ) <br>                ) <br> **v.**                    ) <br>                ) <br> **THE CURATORS OF THE**   ) <br> **UNIVERSITY OF MISSOURI** ) <br>        **Defendant.**   ) <br>                ) | Case No. _____ |

## PETITION FOR DECLARATORY JUDGMENT AND DAMAGES FROM TORTIOUS INTERFERANCE AGAINST PLAINTIFF CURATORS

This is an action for a declaratory judgment that The Curators of the University of Missouri (hereafter Defendant) have violated the constitutional rights of Galen J. Suppes (hereafter Plaintiff). Furthermore, Defendant performed tortious interference against Plaintiff through the filing of civil complaints (pursued to date) as a means to violate the constitutional rights of Defendant with pursuit of the complaints leading to damages to Plaintiff.

More specifically, Defendant violated both Plaintiff's Bill of Rights (Tenth Amendment) and the Spirit of Patent (the Clause 8 of Section 8 of Article 1).

## PARTIES

1.      Plaintiff Suppes is a resident of the State of Missouri, currently residing at 4 Bingham, Columbia, Missouri 65203. Suppes is and has been since August, 2001, employed by the University of Missouri ("University") as a professor of Chemical Engineering.

2.      Defendant Curators is an arm or instrumentality of state government in the State of Missouri and with administrative offices and chief executive officer located in Columbia, Missouri. The government of the state university is vested with a board of curators consisting of

Case 2:16-cv-04023-MJW    Document 1    Filed 01/21/16    Page 1 of 6

nine members appointed by the governor that assemble to maintain four universities. The University of Missouri is one of the four universities.

## JURISDICTION AND VENUE

3.       This Federal Court has subject matter jurisdiction over this action under and by virtue of the Court's jurisdiction of an individual's constitutional rights.

4.       State court has no jurisdiction since the Counts are on and related to constitutional rights that are not and cannot be nullified by any employment contract.

5.       As alleged more fully below, there is a substantial and actual controversy of sufficient immediacy between Plaintiff and Defendant as to Defendant's unlawful pursuit of ownership of the thoughts of the Plaintiff.

6.       This Court has jurisdiction over Curators because they either are an arm or instrumentally of state government in the State of Missouri and can be served in this District.

7.       This Complaint is related to Complaints with the following Case Numbers: 09-4012-CV-C-SOW (Federal District Court, Kansas City, filed by Defendant, dismissed), 09BA-CV02314 (Boone County Circuit Court, filed by Defendant), 2:15-cv-04095-MDH (Federal District Court, Jefferson City, filed by Plaintiff, dismissed), and 15BA-CV03064 (Boone County Circuit Court, filed by Plaintiff).

## RELATED CONSTITUATIONAL RIGHTS

8.       Section 8 of Article 1 of the US Constitution delegates the U.S. Congress (hereafter Congress) with the authority to create Patent Law and Copyright Law.

9.       The Tenth Amendment states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

Case 2:16-cv-04023-MJW   Document 1   Filed 01/21/16   Page 2 of 6

10.     Instruments through which Congress exercises its Article 1, Section 8, Clause 8 (hereafter, Article 1) delegated authority are the Code of Federal Regulations and Acts of Congress, both of which are under the highest levels of scrutiny during creation and under the highest levels of rigor during implementation.

11.     Article 1 specifies the purpose for creating Patent Law is for "promoting the progress of Science and useful Arts", and so, the Spirit of Patent Law is the spirit of taking actions for the purpose of "promoting the progress of Science and useful Arts".

12.     It is the prerogative of the Court to enforce the spirit of the law even if the letter of the law is not broken.  The Court may enforce the spirit of the law even when the spirit of the law is in conflict with the letter of the law (Nix v. Hedden 149 U.S. 304).

## GENERAL ALLEGATIONS

13.     Herein, the term "Inventive Thought" refers to intellectual property that either the Plaintiff or Defendant refers to as an invention and wherein the said invention has neither a "patent pending" nor "patented" status.

14.     CFR 35 U.S.C. § 261 provides a legal basis for assignment of patents or patent applications, but does not provide a legal basis for assignment of Inventive Thoughts.

15.     No CFR identifies that assignment may be demanded of Inventive Thought.

16.     Article 1 delegates Congress the authority to identify how a person's intangible thought may be transformed to tangible and assignable property in the form of patented or copyrighted material(s); thus, the Tenth Amendment prohibits the Defendants from declaring their own authority to do the same.  More specifically, the Tenth Amendment prohibits the Defendant from enforcing Defendant's self-declared regulations on Inventive Thought.

17.     In actions against the Plaintiff, the Defendant has declared Inventive Thought to

Case 2:16-cv-04023-MJW   Document 1   Filed 01/21/16   Page 3 of 6

be assignable upon demand from Plaintiff to Defendant at unfair terms including assignment without just compensation and other (terms) as summarized in **Exhibit A**.

18.     In a letter of November 8, 2008; Defendant demanded assignment of 31 "Inventions Disclosed to the University of Missouri", independent of whether these inventions attained the state of patent pending or patented; this demand by the Defendant was a demand for Inventive Thought.

19.     In a letter of November 8, 2008; Defendant demanded assignment of five (5) "Other Technologies/Inventions", independent of whether these inventions attained the status of patent pending or patented and independent of any defining constraint on "Technologies". This demand by the Defendant was a demand for Inventive Thought.

20.     In the letter of November 8, 2008; Defendant threatened to "pursue claims in court" pursuant Plaintiff's submission to Defendant's demands of assignment of Inventive Thoughts of Plaintiff.

21.     In the year 2009, Defendant filed petitions 09-4012-CV-C-SOW and 09BA-CV02314 against Plaintiff wherein paragraph 46 of 09BA-CV02314 states as part of Declaratory Judgment Count 2, "The University, based upon this language, is entitled to a declaration that such language constitutes an automatic assignment of all inventions developed by Suppes and Sutterlin since their employment by University began, on August 1, 2001." This demand of the Defendant is a demand for Inventive Thought.

22.     The Defendant's demands for assignment (ownership) of the Inventive Thought of the Plaintiff continues to and past the date of the filing of this Complaint in the form of assignment language in the Defendant's UM 16C disclosure form. That demand for assignment upon disclosure of invention is required without commitment of the Defendant to file for patent; hence, Defendant's UM 16C disclosure form requires assignment of Inventive Thought.

23.     Through Complaint 09BA-CV02314, the Defendant pursues litigation against Plaintiff, to date, in demand of assignment of Defendant's Inventive Thought.

24.     The Defendant is able to file for patent on inventions submitted on UM 16C disclosure forms even if assignment language is not signed.

25.     Assignment of Inventive Thought to the Defendant is not required for Defendant to file for patent, and so, the assignment of Inventive Thought by Plaintiff to Defendant is not necessary for Defendant to assert rights on inventions that Defendant rightfully owns.

26.     In the letter of October 29, 2015 from Defendant's representative to Plaintiff, the representative states: "the University will not consider your request to file a PCT application without the receipt of an assignment"; hence the Defendant's demand for the assignment of Inventive Thought from the Plaintiff continues to the date of the filing of this Petition.

27.     The Defendant, and representatives of the Defendant, took actions that caused damages to the Plaintiff; these actions included threatening to abandon the patentability of Inventive Thought unless Plaintiff gave up rights otherwise provided for by contract as well as other threats and demands as provided by **Exhibit A**.


## COUNT I
### (Declaratory Judgment that Defendant Violated Plaintiff's Bill of Rights)

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Petition as though fully restated herein.

29.     To determine that the Defendant performed multiple violations of the Tenth Amendment against the Plaintiff.


## COUNT II
### (Declaratory Judgment that Defendant Violated the Spirit of Patent Law)

30.     Plaintiff incorporates by reference paragraphs 1 through 29 of this Petition, with

Page **5** of **6**

emphasis on paragraph 27 and paragraph 17, as though fully restated herein.

31.     Rather than promoting the progress of science, the actions of the Defendant stifles the progress of science by selectively enforcing punitive action against people submissive to the Defendant's demands for assignment of Inventive Thought.

32.     To determine that Defendant violated the Spirit of Patent Law in the Defendants actions toward the Plaintiff.

## COUNT III
### (Tortious Interference with Business Relationships)

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of this Petition as though fully restated herein.

34.     Plaintiff had a rightful business expectancy with the U.S. government from Congress's Article 1 authority on converting intangible thought to tangible property.

35.     The Defendant interfered with that business expectancy when the Defendant enforced, and attempted to enforce, self-declared regulations on Inventive Thought.

36.     As a direct result and proximate cause of Defendant's tortious interference, Plaintiff Suppes suffered attorney and court costs in excess of $160,000 and cumulative damages as claimed in Counts against the Curators in petitions 15BA-CV03064 and 09BA-CV02314.

WHEREFORE, Plaintiff prays for judgment against Defendant Curators for an amount which includes Plaintiff Suppes' actual costs, value of time spent on this action, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,
Galen J. Suppes

/s/Galen J. Suppes
4 Bingham,
Columbia, Missouri 65203
Telephone: 573-673-8164

Case 2:16-cv-04023-MJW   Document 1   Filed 01/21/16   Page 6 of 6